Lisa A. Ogrinc HILL, Colton J. Hill
and Kevin John Hill, II, Claim-
ants/Respondents,

v.

ROYAL GATE DODGE,
Employer/Appellant.

No. 65811.

Missouri Court of Appeals,
Eastern District,
Division Five.

Sept. 16, 1994.

Application to Transfer Denied
Dec. 20, 1994.

Don R. Sherman, St. Louis, for appellant.

R.E. Keaney, St. Louis, for respondents.

GRIMM, Chief Judge.

In this workers' compensation case, de-
ceased employee was a car salesman for em-
ployer. On his way home from work, he was
killed while driving a demonstrator car. His
family sought death benefits, which the La-
bor and Industrial Relations Commission
granted. Employer appeals; we affirm.

Employer's sole point alleges that the acci-
dent causing employee's death did not arise
out of and in the course of employment. We
disagree. Among other things, employer's
written agreement with employee required
him to "store the automobile at his home
during evenings and off hours."

## I. Background

Employee worked as a car salesman for
employer. Employer furnished him a "dem-
onstrator car." A signed, written agreement
governed the use of the car.

Paragraph 4 of the agreement states:

The employee shall store the automobile at
his home during evenings and off hours
and be responsible for reasonable security
precautions as well as striving for high
visibility of the automobile in order to help
advertise the dealer's product. No person-
al use of the demonstrator shall be permit-
ted, unless approved in advance by the
dealer, except for any incidental personal
benefit accruing to the employee relating
to transporting the vehicle to and from the
employee's home for storing, security and
high visibility of the product. . . .

On December 20, 1991, employee went to
work at 1:00 p.m. and was scheduled to work
until 9:30 p.m. Employer permitted him to
leave work early and he left shortly after
9:00. He drove about a mile and stopped at
Patrick's. Employee was there about an
hour and had a small glass of draft beer.

He then drove to where his wife worked.
He took his wife's car across the street and
filled it with gas. He then drove the demon-
strator to his mother's house to pick up his
son.

Employee's wife also went to his mother's
house, arriving around 10:25. Employee was
playing with his son. After five or ten min-
utes, employee, wife, and child left. Employ-
ee drove the demonstrator, while wife took

child in her car. About a mile from his house, employee lost control of the car and was killed in a one car accident.

## II. Out of and in the Course of Employment

■ Employer's only point alleges the Commission erred in finding that employee's death arose out of and in the course of employment. Employer contends that the accident is not compensable because it occurred when employee was traveling home from work.

■ Employer correctly notes that injuries incurred in going to and coming from work generally do not arise out of and in the course of employment. *Davis v. McDonnell Douglas*, 868 S.W.2d 170, 171 (Mo.App.E.D. 1994). However, the present situation falls outside the ordinary scenario.

Here, employee's written agreement with employer required him to "store the automobile at his home during evenings and off hours." To state the obvious, in order to store the car at his home, employee had to drive it there.

Further, the agreement specifically authorized personal use of the car while "transporting the vehicle to and from the employee's home." Also, employer's general manager answered "Yes" when asked:

Was [employee] and others who were allowed demonstrators, were they permitted to use them for things like picking up groceries, and also, shall we say, of that type, not going out of town as such, but staying within the general area of where you sell?

Finally, it is not necessary for us to determine if employee's conduct amounted to a deviation. He was on the direct route to his home when the accident occurred. *See Gee v. Bell Pest Control*, 795 S.W.2d 532, 536 (Mo.App.W.D.1990). Point denied.

The Commission's judgment is affirmed.

CRIST and CARL R. GAERTNER, JJ., concur.